Filed 10/27/21  P. v. Zuber CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | C094277 |
| Plaintiff and Respondent, | (Super. Ct. No. 62177968) |
| v. | |
| JASON PAUL ZUBER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jason Paul Zuber has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in an outcome more favorable to defendant and affirm the judgment.

## I.  BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

The prosecution charged defendant with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)—count one) and transportation of a controlled substance for sale (Health & Saf. Code, § 11379, subd. (a)—count two). The prosecution also alleged defendant had been previously convicted of four vehicle theft offenses under Penal Code section 666.5.[1]

Defendant pled no contest to count one and admitted the prior conviction allegations. The parties stipulated to a factual basis for the plea, explaining defendant had driven and taken the victim's truck, which was worth more than $950, without permission in March 2021. The parties agreed to dismiss count two.

At the sentencing hearing, the trial court imposed a two-year split sentence, with 16 months to be served in custody and eight months of the sentence to be served on mandatory supervision. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 mandatory supervision revocation fine, suspended pending revocation of mandatory supervision (§ 1202.45, subd. (b)). The court also imposed a $40 court operations fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $4 emergency medical air transport fee (Gov. Code, § 76000.10). The court determined defendant did not have the ability to pay any other fines, booking, or incarceration fees.

Defendant filed a timely appeal with a certificate of probable cause.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief

---

[1] Undesignated statutory references are to the Penal Code.

within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed and we have received no such communication from defendant.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

KRAUSE, J.

3